USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 3 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
CRAIG S. TULEPAN and CST HERON :
MANAGEMENT LLC, :
:
Plaintiffs, :
: 14-cv-8716 (KBF)
-v- :
: MEMORANDUM
BOB ROBERTS et al., : OPINION & ORDER
:
Defendants. :
:
------------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

Defendants have filed a motion to transfer venue to the Southern District of Florida, where a factually related but distinct matter involving plaintiff Craig Tulepan and defendant Bob Roberts is also pending. For the following reasons, defendants' motion to transfer venue is DENIED.

I. BACKGROUND[1]

Earlier this year, Craig Tulepan ("Tulepan") sued defendant Bob Roberts ("Roberts") in his individual capacity in the United States District Court for the Southern District of Florida for several contract and tort claims arising out of Roberts' termination of Tulepan's employment. (ECF No. 5 ex. C.) Tulepan is a citizen and resident of Florida, while Roberts is a citizen and resident of New York. (ECF No. 1 ("Compl.") ¶¶ 4, 6.)

---

[1] For the purposes of resolving this motion to transfer venue, the Court accepts the allegations in the complaint as true. "In deciding a motion to transfer, a court may consider material outside of the pleadings." Mohsen v. Morgan Stanley & Co., No. 11 Civ. 6751(PGG), 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013) (collecting cases).

On October 30, 2014, Tulepan and CST Heron Management LLC ("CST Heron")[2] filed this separate but factually related action against Roberts and six other defendants[3] requesting the rescission of two contracts also at issue in the Florida action, as well as damages for breaches of two other contracts. (Compl. ¶¶ 17-45.) The two contracts that Tulepan asks this Court to rescind are operating agreements under which he invested in two Florida shopping centers owned by Roberts. (Compl. ¶¶ 1, 6, 13-14, 37.) Each of these operating agreements contains a choice-of-law clause specifying that the agreement should be construed in accordance with Delaware law, as well as a forum selection clause stating that "[a]ny action under this Agreement shall be initiated in the Courts of the State of New York or Delaware." (ECF No. 1 ex. 1 pt. 4 § 15.3; id. ex. 2 pt. 5 § 15.3.)

## II.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The decision to transfer venue is within the discretionary authority of the court based on "an individualized, case-by-case consideration of convenience and fairness."[4] In re Manville Forest Prods.

---

[2] CST Heron is a limited liability company organized under the laws of Florida, with its principal place of business in Florida. (Compl. ¶ 5.) Tulepan is its sole member and manager. (Compl. ¶ 5.)

[3] The remaining defendants are: The Kevin Roberts Trust; The Kirk Roberts Trust; Somerset Shoppes Management LLC; Somerset Shoppes FLA LLC; Catalina Shoppes Management LLC; and Catalina Shoppes Fla LLC. (Compl.)

[4] In adjudicating motions for transfer, courts generally consider the following factors: "(1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) the convenience and relative means of the parties; (4) the convenience of witnesses; (5) the availability of process to compel the attendance of witnesses; (6) the location of physical evidence, including documents; (7) the relative familiarity of the courts with the applicable law; and (8) the interests of justice, including the

2

Corp., 896 F.2d 1384, 1391 (2d Cir. 1990) (qupting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). The moving party "carries the 'burden of making out a strong case for transfer.'" N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (quoting Filmline (Cross–Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)). It is therefore appropriate for district courts to "appl[y] the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion." Id.

"When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court, 134 S. Ct. 568, 582 (2013). In this scenario, "the plaintiff's choice of forum merits no weight" and courts "should not consider arguments about the parties' private interests." Id. at 581-82. "As a consequence, a district court may consider arguments about public-interest factors only." Id. at 582. These factors include "the administrative difficulties flowing from court congestion," "the local interest in having localized controversies decided at home," and "the interest in having the trial of a diversity case in a forum that is at home with the law." Id. at 581 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id. at 582.

---

interests of trial efficiency." Goggins v. Alliance Capital Mgmt., L.P., 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) (quoting Billing v. Commerce One, Inc., 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002)).

3

"[W]hen a party disregards a forum selection clause and sues on a contract in an unauthorized forum, it waives the forum selection clause only for the specific claim it pursues." Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC, 690 F. Supp. 2d 311, 328 (S.D.N.Y. 2010) (quoting Pirolo Bros., Inc. v. Angelo Maffei & Figli, SAS, No. 87 CIV. 7561 (MBM), 1989 WL 20945, at *2 (S.D.N.Y. Mar. 2, 1989)); see also Pirolo, 1989 WL 20945, at *2 (Mukasey, J.) (citations omitted) (collecting cases).

"In the context of considering whether a party has waived enforcement of a forum selection clause through its pretrial conduct, '[c]ourts have found implied waiver of venue where a party has repeatedly represented that venue is appropriate . . . or actively pursued substantive motions.'" Wachovia, 690 F. Supp. 2d at 328 (alterations in original) (quoting Diesel Props S.r.L. v. Greystone Bus. Credit II LLC, No. 07 Civ. 9580(HB), 2008 WL 4833001, at *15 (S.D.N.Y. Nov. 5, 2008)).

III. DISCUSSION

Defendants have not made a clear and convincing showing that the public interest favors the transfer of this action to the Southern District of Florida. Both of the operating agreements in this case contain a valid forum-selection clause,[5] which clearly states that all disputes arising from the agreement should be brought in courts in New York or Delaware—not Florida. Consequently, the Court may not consider arguments about the parties' private interests, and may consider only

---

[5] The parties do not dispute the validity of the forum-selection clause.

4

public-interest factors when deciding whether transfer is appropriate. Atl. Marine, 134 S. Ct. at 581-82.

No relevant public-interest factor counsels toward transfer of this action to the Southern District of Florida. First, no administrative difficulties will flow from having these relatively basic and distinct contract disputes adjudicated by the two courts. Indeed, this action will not require much additional discovery, given the discovery already completed in the Florida action, which means that this action may proceed with an expedited schedule.[6] Second, this case does not involve a controversy that raises especially localized concerns, as it is a garden-variety investment contract dispute. Third, both agreements are governed by Delaware law, and so neither forum is necessarily at home with the law at issue. Accordingly, the public interest does not favor the transfer of this case to the Southern District of Florida.

The Court also rejects defendants' argument that Tulepan waived his right to enforce the forum selection clause when he filed the Florida action. At most, Tulepan's filing of the Florida action waived only his right to enforce the forum selection clauses with respect to the specific claims pursued in that action. Even if the claims in the action before this Court are factually related to those at issue in the Florida action, they remain distinct claims nonetheless. There is further no basis for an implied waiver as to the claims at issue in this action.

---

[6] Defendants acknowledge that "[t]here are very few witnesses to this dispute," and "[m]ost, if not all of them, have already been deposed" in the Florida action. (ECF No. 5 at 5.)

5

The Court notes that defendants' arguments rely principally upon Falconwood Financial Corp. v. Griffin, 838 F. Supp. 836 (S.D.N.Y. 1993), a case decided in this District two decades before the Supreme Court's decision in Atlantic Marine.[7] In Falconwood, the Court found that the interest of justice counseled toward transferring a case out of a forum specified by the parties in a forum-selection clause because an indispensable party to the litigation had no contacts with the chosen forum, such that the party could not be joined and the case could not effectively proceed unless it was transferred. See id. at 841-43. Aside from the fact that Falconwood was decided under a pre–Atlantic Marine legal regime, it is also not factually analogous to the case at hand, and accordingly, the Court disregards it.

Lastly, the Court need not transfer this action to the Southern District of Florida because of the prospect of inconsistent verdicts, particularly considering the incomplete overlap between the claims and parties involved in the two actions. To the extent that this concern is valid, the Court and the parties will deal with it if and when the time comes.

IV.   CONCLUSION

Defendants' motion to transfer venue is DENIED.

---

[7] Defendants also cite JetBlue Airways Corp. v. Helferich Patent Licensing, LLC, 960 F. Supp. 2d 383 (E.D.N.Y. 2013), and William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177 (2d Cir. 1969). Neither case addresses a motion to transfer venue in the face of a forum-selection clause.

6

The Clerk of Court is directed to close the motion at ECF No. 5.

SO ORDERED.

Dated:     New York, New York
           December 3, 2014

                                        _____
                                        KATHERINE B. FORREST
                                        United States District Judge